# State of Louisiana
## Secretary of State

12/07/2022

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

RECEIVED
LAW DEPT
DEC 12 REC'D

EVEREST INDEMNITY INSURANCE COMPANY
SANJOY MUKHERJEE, GENERAL COUNSEL, COMPLIANCE OFFICER/SECRETARY
ATTN: SANJOY MUKHERJEE, GENERAL COUNSEL, COMP OFFI
100 EVEREST WAY, WARREN CORPORATE CENTER
WARREN, NJ  07059


Suit No.: 2210556
CIVIL DISTRICT COURT
ORLEANS PARISH


CITADEL BUILDERS, L.L.C.
vs
NATIONAL FIRE & MARINE INSURANCE COMPANY, ET AL


Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.


Yours very truly,

R. KYLE ARDOIN
Secretary of State


Served on:  R. KYLE ARDOIN          Date:  12/06/2022
Served by:  J. SHOWS                Title:  DEPUTY SHERIFF


No: 1264526



KC

ATTORNEY'S NAME:   Blackwell, Michael S 32345
AND ADDRESS:          1100 Poydras Street Suite 1100, New Orleans, LA 70163

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2022-10556                DIVISION: L                SECTION: 06

## CITADEL BUILDERS, L.L.C.

### Versus

## NATIONAL FIRE & MARINE INSURANCE COMPANY ET AL

### CITATION

TO:              EVEREST INDEMNITY INSURANCE COMPANY

THROUGH:    ITS REGISTERED AGENT: LOUISIANA SECRETARY OF STATE

8585 ARCHIVES AVENUE, BATON ROUGE, LA 70809

**SERVED ON**
**R. KYLE ARDOIN**

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

DEC 06 2022

PETITION FOR DAMAGES

SECRETARY OF STATE
COMMERCIAL DIVISION

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay
provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for
your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts
Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New
Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service
operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to
free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-
1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA November 16, 2022**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by**

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 02-10554                                            DIVISION: L-6

CITADEL BUILDERS, L.L.C.

VERSUS

NATIONAL FIRE & MARINE INSURANCE COMPANY and
EVEREST INDEMNITY INSURANCE COMPANY

FILED: _____        _____
                                                           DEPUTY CLERK

_____

**PETITION FOR DAMAGES**
_____

NOW INTO COURT, through undersigned counsel, comes plaintiff, Citadel Builders,

L.L.C. ("Citadel") a limited liability company organized under the laws of the State of Louisiana

and with its registered office in St. Tammany Parish, Louisiana, in accordance with La. Code Civ.

P. art. 891 *et seq.*, submits this Petition for Damages, respectfully averring as follows:

1.

Made defendants herein are:

(a)    National Fire & Marine Insurance Company ("National"),  a foreign insurer

        organized under the laws of Nebraska with its principal place of business located

        at 1314 Douglas Street, Suite 1400 in Omaha, Nebraska; and

(b)    Everest Indemnity Insurance Company ("Everest"), a foreign insurer organized

        under the laws of Delaware with its principal place of business located at 100

        Everest Way in Warren, New Jersey.

National and Everest may hereinafter be referred to collectively as "Defendants."

2.

Venue is proper under La. Code Civ. P. art. 76.1 as Orleans Parish is where the loss at issue

in the loss occurred.

1

4879-6078-4698, v. 1

3.

1031 Canal Development, L.L.C. ("Owner") is the owner of the property located at 1031 Canal Street in New Orleans, Louisiana. Beginning in 2015 and culminating in 2017, the Owner sought to construct a 17-story, approximately 631,000 square foot, multi-use building at 1031 Canal Street in New Orleans, Louisiana ("the Project").

4.

On or about December 20, 2017, Owner and Citadel entered into an AIA Document A102-2007 Standard Form of Agreement Between Owner and Contractor with a guaranteed maximum price of $84,432,630.00 ("the Contract") for construction of the Project.

5.

The Contract included and incorporated the AIA Document A201-2007 General Conditions ("General Conditions"). Section 11.3.1 of the General Conditions states that:

> Unless otherwise provided, the Owner shall purchase and maintain, in a company or companies lawfully authorized to do business in the jurisdiction in which the Project is located, property insurance written on a builder's risk "all-risk" or equivalent policy form in the amount of the initial Contract Sum, plus value of subsequent Contract Modifications and cost of materials supplied or installed by others, comprising total value of the entire Project at the site on a replacement cost basis without optional deductibles. Such property insurance shall be maintained, unless otherwise provided in the Contract Documents or otherwise agreed in writing by all persons and entities who are beneficiaries of such insurance, until final payment has been made as provided in Section 9.10 or until no person or entity other than the Owner has an insurable interest in the property required by this Section 11.3 to be covered, whichever is later. This insurance shall include interests of the Owner, the Contractor, Subcontractors and Sub-subcontractors in the Project.

6.

On December 22, 2017, and in conjunction with the Contract's execution and its obligations under the General Conditions, the Owner obtained builder's risk insurance for the Project from National and Everest. Specifically, the Owner obtained $89,877,694.00 in builder's risk coverage under Policy No. 42-PBR-304657-01 from National and Policy No. IM6CM00062-171, which was effective from December 22, 2017 through June 22, 2020[1] (collectively "the Policy"). Under the Policy, National is listed as the lead insurer and was responsible for the first

---

[1] On June 22, 2019, National issued Endorsement BH-8 that extended the Policy's original effective date from June 22, 2019 through June 22, 2020.

2

seventy-five percent (75%) of the Policy's value, where Everest was responsible for the remaining twenty-five percent (25%) of the Policy's total value.

7.

The Policy insured against all risks of direct physical loss or damage to the Project during the Policy's term, subject to the Policy's exclusions, limitations, and conditions. Additionally, the Policy identified various Extensions of Coverage, subject to the Policy's overall limit, for specific costs incurred by an insured in the event of direct physical loss and damage to the Project.

8.

Item 2a of the Policy, entitled "Additional Insureds," provides the scope of additional insureds covered under the Policy. Specifically, Item 2a states:

> To the extent required by any written contract or subcontract for the **Insured Project** and then only as their respective interests appear, all owners, all contractors and subcontractors of every tier of the **Insured Project**, and any other individual or entity specified in such written contract or subcontract, are recognized as Additional Insured hereunder. However as respects architects, engineers, manufacturers and suppliers of every tier, the foregoing is limited to their site activities at the **Insured Project** only.
>
> As used in this policy, **Insured** means all Named Insureds listed in **Item 1**. above, and any Additional Insureds as provided in this **Item 2a**.[2]

9.

On October 12, 2019, the Project suffered from a partial collapse of its upper eight (8) floors ("the Incident"), causing irreparable damage to the Project as a whole. As a result of the Incident, three workers on the Project's site lost their lives, other workers were injured, the Project's two tower cranes were severely damaged, and significant amounts of equipment within the Project was damaged.

10.

Immediately after the Incident, the City of New Orleans ("City"), through the New Orleans Fire Department – Search and Rescue Division and the New Orleans Police Department, took exclusive possession of the Project and restricted access to it.

---

[2]      (emphasis in original).

3

11.

In the weeks that followed, and to mitigate its damages and damage to the Project, Citadel devoted all its resources and personnel to securing the Project from any further damage or collapse and to expedite the demolition certain elements of the Project that presented an ongoing danger after the Incident. This included, but was not limited to, the following:

(1)   Retention of cranes to allow access to the Project's upper floors for search and rescue operations and initial expected use in the Project's demolition;

(2)   Investigation of and access to the Project's damaged tower cranes to identify potential methods for stabilizing them;

(3)   Coordination with the NOPD, NOFD, and forensic engineers to assess the ongoing stability of the Project to avoid further damage;

(4)   Assisting D.H. Griffin & Company, the demolition contractor ultimately retained for demolition of the Project's tower cranes, in the coordination of its activities to prepare for the demolition costs;

(5)   Certain testing related to the Project's ongoing stability; and

(6)   Inventorying and removing certain equipment and debris from the Project.

Overall, Citadel incurred a total of $813,972.21 in costs, expenses, subcontractor and supplier costs, testing costs, and other amounts in the Incident's aftermath ("Citadel Post-Collapse Costs").

12.

On October 12, 2019, the same day as the Incident, the Owner and Citadel notified National and Everest of the Incident. Upon being notified of the Incident, National and Everest immediately opened a claim under the Policy ("the Claim") and began investigating and adjusting the loss to the Project.

13.

On or about September 29, 2020, Citadel, through the Owner, presented the Citadel Post-Collapse Costs to National and Everest.

4

14.

From October 12, 2019 through the present, National and Everest have proven themselves by continuing to adjust the Claim and have dutifully paid proceeds to the Owner for the Incident under the Policy. As of the filing of this lawsuit, the Claim remains open.

15.

Despite those payments by National and Everest under the Policy for damages incurred due to the Incident, the Citadel Post-Collapse Costs remain unpaid despite Citadel's status as an additional insured under the Policy and the submission of the Citadel Post-Collapse Costs to National and Everest.

16.

Because the Citadel Post-Collapse Costs remain unpaid, and acknowledging that the Claim remains open, Citadel files the instant lawsuit as a prophylactic measure to protect any rights it has to payment of the Citadel Post-Collapse Costs under the Policy.

**CAUSE OF ACTION**

17.

Citadel reavers Paragraphs 3 through 16 as if pled herein *in extenso.*

18.

Under the Policy, National and Everest have an obligation to pay for certain damages incurred due to the Incident, including the Citadel Post-Collapse Costs.

19.

To date, National and Everest have received notice of the Citadel Post-Collapse Costs but have not paid them or included them in the adjustment of the Claim. As a result of nonpayment, Citadel has sustained damages equal to the amount of the Citadel Post-Collapse Costs that are covered by the Policy but to date remain unpaid.

20.

As it stands, National and Everest have breached their obligations under the Policy as it relates to the Citadel Post-Collapse Costs, acknowledging that the Claim remains open.

WHEREFORE, plaintiff, Citadel Builders, L.L.C., prays that defendants, National Fire & Marine Insurance Company and Everest Indemnity Insurance Company, be served with a copy of

5

4879-6078-4698, v. 1

this Petition for Damages and be duly cited to appear and answer same. After due proceedings are

had, Citadel Builders, L.L.C. prays that there be a judgment in favor of Citadel Builders, L.L.C.

and against National Fire & Marine Insurance Company and Everest Indemnity Insurance

Company, *in solido*, for breach of the insurance policies outlined above, and for any and all other

legal, general, or equitable relief to which Citadel Builders, L.L.C. may be entitled.

Respectfully submitted,

**RIESS LEMIEUX, LLC**

Christopher K. LeMieux (La. Bar No. 27838)
Donald C. Douglas (La. Bar No. 22338)
Jonathan S. Forester (La. Bar No. 32457)
Michael S. Blackwell (La. Bar No. 32345)
M. Ali Barnes (La. Bar No. 38980)
1100 Poydras Street, Suite 1100
New Orleans, Louisiana 70163
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
Email: clemieux@rllaw.com
         ddouglas@rllaw.com
         jforester@rllaw.com
         mblackwell@rllaw.com
         abarnes@rllaw.com

*Attorneys for Citadel Builders, L.L.C.*

**PLEASE SERVE:**

National Fire & Marine Insurance Company
Through its registered agent
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

Everest Indemnity Insurance Company
Through its registered agent
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

6

4879-6078-4698, v. 1

R. KYLE ARDOIN
CRETARY OF STATE
P.O. BOX 94125
N ROUGE, LA 70804-9125





CERTIFIED MAIL®

FIRST CLASS

7022 2410 0000 7122 2590



US POSTAGE PITNEY BOWES

ZIP 70802   $ 004.81⁰
02  4W
0000382747 DEC 07 2022

'18)

# State of Louisiana
## Secretary of State

12/07/2022

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

NATIONAL FIRE & MARINE INSURANCE COMPANY
C/O J. MICHAEL GOTTSCHALK
P.O. BOX 31361
OMAHA, NE  68131-0361

RECEIVED

DEC 1 2 2022

1314 D~~~~ ~~
Omah~

Suit No.: 2210556
CIVIL DISTRICT COURT
ORLEANS PARISH

CITADEL BUILDERS, L.L.C.
vs
NATIONAL FIRE & MARINE INSURANCE COMPANY, ET AL

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on:  R. KYLE ARDOIN
Served by:  J. SHOWS

Date: 12/06/2022
Title:  DEPUTY SHERIFF

No: 1264527



KC

ATTORNEY'S NAME:     Blackwell, Michael S 32345
AND ADDRESS:     1100 Poydras Street Suite 1100, New Orleans, LA 70163

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2022-10556          **DIVISION: L**          SECTION: 06

### CITADEL BUILDERS, L.L.C.

Versus

### NATIONAL FIRE & MARINE INSURANCE COMPANY ET AL

### CITATION

TO:     NATIONAL FIRE & MARINE INSURANCE COMPANY

THROUGH:     ITS REGISTERED AGENT: LOUISIANA SECRETARY OF STATE

8585 ARCHIVES AVENUE, BATON ROUGE, LA 70809

SERVED ON
R. KYLE ARDOIN

DEC 0 6 2022

SECRETARY OF STATE
COMMERCIAL DIVISION

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

*********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA November 16, 2022**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by** _____
**Kasie Jiles, Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **PETITION FOR DAMAGES** | **PETITION FOR DAMAGES** |
| ON **NATIONAL FIRE & MARINE INSURANCE COMPANY** THROUGH: **ITS REGISTERED AGENT: LOUISIANA SECRETARY OF STATE** | ON **NATIONAL FIRE & MARINE INSURANCE COMPANY** THROUGH: **ITS REGISTERED AGENT: LOUISIANA SECRETARY OF STATE** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating |
| Deputy Sheriff of _____ | HIM/HER the said **NATIONAL FIRE & MARINE INSURANCE COMPANY** being absent from the domicile at time of said service. |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED /_____ | _____ No. _____ |
| PAPER          RETURN | Deputy Sheriff of _____ |
| _____ /          / _____ | |
| SERIAL NO.     DEPUTY     PARISH | |

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

      A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

      B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

      C. The court may grant additional time for answering.

      Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 22 - 10556                              DIVISION:   L - 6

CITADEL BUILDERS, L.L.C.

VERSUS

NATIONAL FIRE & MARINE INSURANCE COMPANY and
EVEREST INDEMNITY INSURANCE COMPANY

FILED: _____        _____
                                              DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff, Citadel Builders,

L.L.C. ("Citadel") a limited liability company organized under the laws of the State of Louisiana

and with its registered office in St. Tammany Parish, Louisiana, in accordance with La. Code Civ.

P. art. 891 *et seq.*, submits this Petition for Damages, respectfully averring as follows:

1.

Made defendants herein are:

(a)    National Fire & Marine Insurance Company ("National"),   a foreign insurer

organized under the laws of Nebraska with its principal place of business located

at 1314 Douglas Street, Suite 1400 in Omaha, Nebraska; and

(b)    Everest Indemnity Insurance Company ("Everest"), a foreign insurer organized

under the laws of Delaware with its principal place of business located at 100

Everest Way in Warren, New Jersey.

National and Everest may hereinafter be referred to collectively as "Defendants."

2.

Venue is proper under La. Code Civ. P. art. 76.1 as Orleans Parish is where the loss at issue

in the loss occurred.

1

4879-6078-4698, v. 1

3.

1031 Canal Development, L.L.C. ("Owner") is the owner of the property located at 1031 Canal Street in New Orleans, Louisiana. Beginning in 2015 and culminating in 2017, the Owner sought to construct a 17-story, approximately 631,000 square foot, multi-use building at 1031 Canal Street in New Orleans, Louisiana ("the Project").

4.

On or about December 20, 2017, Owner and Citadel entered into an AIA Document A102-2007 Standard Form of Agreement Between Owner and Contractor with a guaranteed maximum price of $84,432,630.00 ("the Contract") for construction of the Project.

5.

The Contract included and incorporated the AIA Document A201-2007 General Conditions ("General Conditions"). Section 11.3.1 of the General Conditions states that:

> Unless otherwise provided, the Owner shall purchase and maintain, in a company or companies lawfully authorized to do business in the jurisdiction in which the Project is located, property insurance written on a builder's risk "all-risk" or equivalent policy form in the amount of the initial Contract Sum, plus value of subsequent Contract Modifications and cost of materials supplied or installed by others, comprising total value of the entire Project at the site on a replacement cost basis without optional deductibles. Such property insurance shall be maintained, unless otherwise provided in the Contract Documents or otherwise agreed in writing by all persons and entities who are beneficiaries of such insurance, until final payment has been made as provided in Section 9.10 or until no person or entity other than the Owner has an insurable interest in the property required by this Section 11.3 to be covered, whichever is later. This insurance shall include interests of the Owner, the Contractor, Subcontractors and Sub-subcontractors in the Project.

6.

On December 22, 2017, and in conjunction with the Contract's execution and its obligations under the General Conditions, the Owner obtained builder's risk insurance for the Project from National and Everest. Specifically, the Owner obtained $89,877,694.00 in builder's risk coverage under Policy No. 42-PBR-304657-01 from National and Policy No. IM6CM00062-171, which was effective from December 22, 2017 through June 22, 2020[1] (collectively "the Policy"). Under the Policy, National is listed as the lead insurer and was responsible for the first

---

[1] On June 22, 2019, National issued Endorsement BH-8 that extended the Policy's original effective date from June 22, 2019 through June 22, 2020.

2

seventy-five percent (75%) of the Policy's value, where Everest was responsible for the remaining

twenty-five percent (25%) of the Policy's total value.

7.

The Policy insured against all risks of direct physical loss or damage to the Project during

the Policy's term, subject to the Policy's exclusions, limitations, and conditions. Additionally, the

Policy identified various Extensions of Coverage, subject to the Policy's overall limit, for specific

costs incurred by an insured in the event of direct physical loss and damage to the Project.

8.

Item 2a of the Policy, entitled "Additional Insureds," provides the scope of additional

insureds covered under the Policy. Specifically, Item 2a states:

> To the extent required by any written contract or subcontract for the **Insured
> Project** and then only as their respective interests appear, all owners, all contractors
> and subcontractors of every tier of the **Insured Project**, and any other individual
> or entity specified in such written contract or subcontract, are recognized as
> Additional Insured hereunder. However as respects architects, engineers,
> manufacturers and suppliers of every tier, the foregoing is limited to their site
> activities at the **Insured Project** only.

> As used in this policy, **Insured** means all Named Insureds listed in **Item 1**. above,
> and any Additional Insureds as provided in this **Item 2a**.[2]

9.

On October 12, 2019, the Project suffered from a partial collapse of its upper eight (8)

floors ("the Incident"), causing irreparable damage to the Project as a whole. As a result of the

Incident, three workers on the Project's site lost their lives, other workers were injured, the

Project's two tower cranes were severely damaged, and significant amounts of equipment within

the Project was damaged.

10.

Immediately after the Incident, the City of New Orleans ("City"), through the New Orleans

Fire Department – Search and Rescue Division and the New Orleans Police Department, took

exclusive possession of the Project and restricted access to it.

---

[2]     (emphasis in original).

3

11.

In the weeks that followed, and to mitigate its damages and damage to the Project, Citadel devoted all its resources and personnel to securing the Project from any further damage or collapse and to expedite the demolition certain elements of the Project that presented an ongoing danger after the Incident. This included, but was not limited to, the following:

(1)     Retention of cranes to allow access to the Project's upper floors for search and rescue operations and initial expected use in the Project's demolition;

(2)     Investigation of and access to the Project's damaged tower cranes to identify potential methods for stabilizing them;

(3)     Coordination with the NOPD, NOFD, and forensic engineers to assess the ongoing stability of the Project to avoid further damage;

(4)     Assisting D.H. Griffin & Company, the demolition contractor ultimately retained for demolition of the Project's tower cranes, in the coordination of its activities to prepare for the demolition costs;

(5)     Certain testing related to the Project's ongoing stability; and

(6)     Inventorying and removing certain equipment and debris from the Project.

Overall, Citadel incurred a total of $813,972.21 in costs, expenses, subcontractor and supplier costs, testing costs, and other amounts in the Incident's aftermath ("Citadel Post-Collapse Costs").

12.

On October 12, 2019, the same day as the Incident, the Owner and Citadel notified National and Everest of the Incident. Upon being notified of the Incident, National and Everest immediately opened a claim under the Policy ("the Claim") and began investigating and adjusting the loss to the Project.

13.

On or about September 29, 2020, Citadel, through the Owner, presented the Citadel Post-Collapse Costs to National and Everest.

4

14.

From October 12, 2019 through the present, National and Everest have proven themselves by continuing to adjust the Claim and have dutifully paid proceeds to the Owner for the Incident under the Policy. As of the filing of this lawsuit, the Claim remains open.

15.

Despite those payments by National and Everest under the Policy for damages incurred due to the Incident, the Citadel Post-Collapse Costs remain unpaid despite Citadel's status as an additional insured under the Policy and the submission of the Citadel Post-Collapse Costs to National and Everest.

16.

Because the Citadel Post-Collapse Costs remain unpaid, and acknowledging that the Claim remains open, Citadel files the instant lawsuit as a prophylactic measure to protect any rights it has to payment of the Citadel Post-Collapse Costs under the Policy.

**CAUSE OF ACTION**

17.

Citadel reavers Paragraphs 3 through 16 as if pled herein *in extenso*.

18.

Under the Policy, National and Everest have an obligation to pay for certain damages incurred due to the Incident, including the Citadel Post-Collapse Costs.

19.

To date, National and Everest have received notice of the Citadel Post-Collapse Costs but have not paid them or included them in the adjustment of the Claim. As a result of nonpayment, Citadel has sustained damages equal to the amount of the Citadel Post-Collapse Costs that are covered by the Policy but to date remain unpaid.

20.

As it stands, National and Everest have breached their obligations under the Policy as it relates to the Citadel Post-Collapse Costs, acknowledging that the Claim remains open.

WHEREFORE, plaintiff, Citadel Builders, L.L.C., prays that defendants, National Fire & Marine Insurance Company and Everest Indemnity Insurance Company, be served with a copy of

5

this Petition for Damages and be duly cited to appear and answer same. After due proceedings are had, Citadel Builders, L.L.C. prays that there be a judgment in favor of Citadel Builders, L.L.C. and against National Fire & Marine Insurance Company and Everest Indemnity Insurance Company, *in solido*, for breach of the insurance policies outlined above, and for any and all other legal, general, or equitable relief to which Citadel Builders, L.L.C. may be entitled.

Respectfully submitted,

**RIESS LEMIEUX, LLC**

Christopher K. LeMieux (La. Bar No. 27838)
Donald C. Douglas (La. Bar No. 22338)
Jonathan S. Forester (La. Bar No. 32457)
Michael S. Blackwell (La. Bar No. 32345)
M. Ali Barnes (La. Bar No. 38980)
1100 Poydras Street, Suite 1100
New Orleans, Louisiana 70163
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
Email: clemieux@rllaw.com
    ddouglas@rllaw.com
    jforester@rllaw.com
    mblackwell@rllaw.com
    abarnes@rllaw.com

*Attorneys for Citadel Builders, L.L.C.*

**PLEASE SERVE:**

National Fire & Marine Insurance Company
Through its registered agent
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

Everest Indemnity Insurance Company
Through its registered agent
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

6

4879-6078-4698, v. 1



US POSTAGE PITNEY BOWES

$ 004.81⁰

ZIP 70602
02 4W
0000382747 DEC 07 2022

FIRST CLASS

USA MAIL

7022 2410 0000 7117 6114

R. KYLE ARDOIN
SECRETARY OF STATE
P.O. BOX 94125
BATON ROUGE, LA 70804-9125

SS104 (R 06/18)