UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CITADEL BUILDERS, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 23-34 |
| NATIONAL FIRE & MARINE INSURANCE COMPANY AND EVEREST INDEMNITY INSURANCE COMPANY | SECTION: "J"(2) |

## ORDER AND REASONS

Before the Court are Defendants National Fire & Marine Insurance Company and Everest Indemnity Insurance Company's *Motion for Reconsideration to Alter or Amend Judgment Pursuant to Rule 59(e)* **(Rec. Doc. 20)**, and Plaintiff Citadel Builders, L.L.C.'s opposition (Rec. Doc. 23), to which Defendants reply (Rec. Doc. 25). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendants' motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

As previously detailed, this case arises out of the partial collapse of the Hard Rock Hotel on October 12, 2019. As the contractor for the project, Plaintiff Citadel Builders, L.L.C. filed this state-court action for breach of insurance contract against Defendants Everest Indemnity Insurance Company and National Fire & Marine Insurance Company over three years later, on November 15, 2022. Defendants each extended insurance policies to the project's owner, 1031 Canal Development, L.L.C., with the policies extending to Plaintiff as an additionally insured contractor. Parties

1

debate whether Plaintiff's action has prescribed.

In consideration of Defendants' Motion to Dismiss, this Court refused to dismiss the action on prescription grounds. (Rec. Doc. 19). Although the National Fire Policy contained a two-year deadline for legal action, the Court determined the five-year language in the Everest Policy applied, making Plaintiff's action timely. Defendants now seek reconsideration of that Order, which Plaintiff opposes.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e). *Southern Snow Manufacturing Co, Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478–79; *SnoWizard*, 921 F. Supp. 2d at 565. Also, such motions should

not be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *SnoWizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

## DISCUSSION

Defendants make three arguments for reconsideration: National Fire Policy's two-year deadline for legal action, the inapplicability of Florida-entitled endorsements in the Everest Policy, and the inability of the Everest Policy to alter the lead National Fire Policy. The first two arguments merely rehash legal theories thoroughly treated—and rejected—in the Court's previous Order. However, Defendant's third argument, made in the alternative, demands closer scrutiny.

### A. The Everest Policy's Five-Year Deadline to File Does Not Apply to the National Fire Policy

In their previous motion, Defendants argued for dismissal through the exception of prescription. Therein, they do not specifically contend that, even if an action against Everest may be viable under its policy language, one against National Fire has prescribed. From a Rule 59 motion, district courts generally do not consider "arguments that could have been offered or raised before entry of judgment." *Templet*,

3

367 F.3d at 479. Nonetheless, Defendants provided enough prescription-based support to consider the effect the Everest Policy has on the National Fire Policy. To prevent the possibility of manifest injustice, the Court's treatment of National Fire in the previous Order is properly reconsidered.

As previously discussed, Plaintiff was covered as an additional insured on contracts issued by National Fire and Everest. National Fire provided the lead policy, covering 72.184% of the total insured value and policy limit. (Rec. Doc. 8-2 at 57). The Everest Policy covered the remaining 27.8%. (Rec. Doc. 8-3 at 1). Most pertinently, the National Fire Policy contained a two-year deadline for legal action, whereas the Everest Policy's deadline was five years. Although the Court determined the Everest Policy's prescription period applied, Defendants insist such applicability cannot flow up to the lead policy. Plaintiff leaves the argument substantively unaddressed: "While the National Policy was the lead policy, the Everest Policy is clear that it provides coverage '[a]s per Lead Policy, except as otherwise provided herein.'" (Rec. Doc. 23 at 2 (quoting Rec. Doc. 8-3 at 1)).

The Everest Policy acknowledged that it was "[a]ttached to and forming part of Policy No. 42-PBR-304657-01", namely, the National Fire Policy. (Rec. Doc. 8-3 at 1; *see also* Rec. Doc. 8-2 at 3). As an attachment to the lead policy, the Everest Policy specified the construction of its terms: "The provisions contained in this Policy shall supersede those of the Lead Policy wherever the same may conflict. The coverage provided by this Policy will be no broader than the coverage provided by the Lead Policy." (Rec. Doc. 8-3 at 2). The Everest Policy also envisioned the scenario of the cancellation or ineffectiveness of the National Fire Policy, with Everest being liable

4

only to the extent it would have had the National Fire Policy still been in effect. *Id.* ("Warranty Clause"). Although the Everest Policy references the lead policy, the National Fire Policy is silent as to the Everest Policy, in no way indicating an adoption of the terms of a supplemental policy.

Thus, the Everest Policy anticipates and adopts provisions of the National Fire Policy, but not vice versa. Pertinent here, the Everest Policy's five-year deadline applies to actions against it, but this term does not flow up to actions against National Fire. The Everest Policy terms are clear: "No legal action or proceeding may be brought against the Company for the recovery of any claim under this Policy unless commenced within five (5) years from the discovery by the Insured of the loss or damage which gives rise to the claim." (Rec. Doc. 8-3 at 9 (emphasis omitted)). "The Company" refers to the insurer providing 27.8% of the insurance coverage, namely, Everest. *See id.* at 1. On the other hand, the lead policy is clear and unambiguous that legal action against National Fire must be "brought within two (2) years after the subject loss or damage[.]" (Rec. Doc. 8-2 at 30).

If the language in a Louisiana insurance policy is clear and unambiguous, the policy should be enforced as written. *Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc.*, 958 So. 2d 634, 638 (La. 2007). Plaintiff filed its action over three years after the partial collapse of the Hard Rock Hotel. Thus, the action was timely under the terms of the Everest Policy, but has facially prescribed as to the National Fire Policy.

**B. Waiver Makes Action Under the National Fire Policy Timely**

Where a claim has facially prescribed, "the burden shifts to the plaintiff to

5

prove a suspension or interruption of the prescriptive period". *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 995 F.3d 384, 389 (5th Cir. 2021) (quoting *Younger v. Marshall Indus. Inc.*, 618 So. 2d 866, 869 (La. 1993)). Plaintiff argues claim actions taken and payments made beyond October 12, 2021—two years from the incident—interrupted National Fire's prescriptive period.

With litigation filed later than the time period established in an insurance contract, Louisiana courts look for an insurer's waiver of the limitation period. "An insurer waives a limitation period if its overall actions lead the insured to reasonably believe the insurer will not require compliance with the policy provision that suit must be filed within the limitation period." *NAZ, L.L.C. v. United Nat'l Ins. Co.*, 779 F. App'x 200, 203 (5th Cir. 2019) (quotation cleaned up, citation omitted) (applying Louisiana law).

The Fifth Circuit has described waiver analysis as "fact-intensive", *id.*, indicating the evaluation may go beyond the confines of a motion to dismiss. Where documents to support a party's position go outside the pleadings, the court must convert the motion to dismiss into one for summary judgment. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Here, Plaintiff supplies an affidavit from Denzel Clark to support its waiver argument. (Rec. Doc. 10-1). Clark identifies himself as a member of 1031 Canal Development, L.L.C. and is listed as the sole officer of Plaintiff Citadel Builders, L.L.C. *See* BUSINESS FILINGS, LA. SECT. OF STATE, https://coraweb.sos.la.gov/CommercialSearch/CommercialSearchDetails.aspx? CharterID= 639978_A18B4028DD (last visited Nov. 1, 2024). The evidence is proper to a motion for summary judgment. *See* Fed. R. Civ. P.

6

56(c). Accordingly, the Court converts the underlying motion to dismiss into a motion for summary judgment.

In the insurance context, the Fifth Circuit has indicated normal claim processing does not evidence waiver:

> [T]here was no admission or recognition of liability, no assurance of payment, no late request for additional information or for time to investigate the claim further, no intentional delay of adjustment beyond the limitation period, and no prolonged or continuous negotiations, lasting through most of the limitation period, which might tend to hold out a reasonable hope of amicable adjustment.

*NAZ, L.L.C.*, 779 F. App'x at 203 (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1288 (5th Cir. 1990)). The waiver allegations here differ from the examples cited in *NAZ*. Clark avers negotiations of this complex insurance claim remained ongoing up until the time of filing, as evidenced by the submission of documents and negotiations over loss. (Rec. Doc. 10-1 at 2). Additionally, as previously noted, National Fire issued a payment on December 29, 2021, beyond the two-year time limit for legal action. *Id.* at 3.

Defendants do not dispute the accuracy of Clark's statements. Instead, they insist any interruption could only benefit the payee of those claims, 1031 Canal Development, LLC, and not Plaintiff Citadel Builders, LLC. (Rec. Doc. 14 at 6). The Court disagrees.

In this summary judgment position, all reasonable inferences are drawn in favor of the nonmoving party, Plaintiff Citadel Builders. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Based on the presented facts, it is reasonable to conclude that both 1031 Canal Development, LLC and Plaintiff Citadel Builders, LLC

closely participated in ongoing claim negotiations. Both were insured by the terms of the National Fire Policy for the common project, for which National Fire rendered payments, including one in December 2021. Negotiations continued beyond the two-year deadline for legal action in the National Fire Policy. National Fire's actions beyond the prescriptive period would "lead[] the insured [Citadel] to reasonably believe the time limitation has been waived while the claim is under consideration". *NAZ, L.L.C.*, 779 F. App'x at 203 (5th Cir. 2019) (quoting *Maurice v. Prudential Ins. Co.*, 2002-0993 (La. App. 4 Cir. 10/23/02), 831 So. 2d 381, 385). Thus, Plaintiff's claim under the National Fire Policy cannot be dismissed as prescribed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants National Fire & Marine Insurance Company and Everest Indemnity Insurance Company's *Motion for Reconsideration to Alter or Amend Judgment Pursuant to Rule 59(e)* **(Rec. Doc. 20)** is **DENIED.**

New Orleans, Louisiana, this 4th day of November, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE